IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>NEW YORK LIFE INSURANCE COMPANY<br><br>        Defendant. | NO.<br><br><br><u>JURY TRIAL DEMAND</u> |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Defendant New York Life Insurance Company ("New York Life") is a publicly traded company that purports to be the largest mutual life-insurance company in the United States. To generate sales, New York Life relies on illegal telemarketing.

2. Plaintiff is a small business that received an illegal pre-recorded telemarketing call from New York Life. Accordingly, on behalf of persons and entities who also received telemarketing calls from New York Life on their cellular telephones, Plaintiff brings this action as a class action under the Telephone Consumer Protection Act, which prohibits autodialed and prerecorded telemarketing calls unless the caller has the recipient's written permission. Plaintiff requests relief including an injunction to end these practices, and an award to class members of the statutory damages for each illegal call.

3. Because the call to the Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telephone calls from New York Life.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Abante Rooter and Plumbing, Inc. ("Abante") is a corporation based in California, with its principal place of business in Alameda County, California.

6. Defendant New York Life is headquartered in New York, NY.  Defendant New York Life is engaged in substantial and not isolated business activities in the State of New York and the United States, including, but not limited to, entering into contractual relationships and servicing the relationships with new customers that result from those telemarketing calls.

**Jurisdiction & Venue**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

8. This Court has personal jurisdiction over Defendant because they operate, conduct, engage in, and/or carry on, business activities in this District and a substantial part of the wrongful acts alleged in this Complaint were committed in California.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

**TCPA Background**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of these provisions. *See* 47 U.S.C. §§ 227(b)(3), (c).

13. The TCPA bans persons and entities from initiating telephone calls using automated telephone dialing systems ("autodialers") or pre-recorded messages to telephone numbers assigned to a cellular telephone service, unless the caller has the recipient's prior express written consent. *See* 47 C.F.R. § 64.1200(a)(1)(iii); *see also* 47 U.S.C. § 227(b)(1).

14. Prior express written consent requires an agreement, in writing, bearing the signature of the person called that (a) clearly authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an autodialer or an artificial or prerecorded voice, and (b) lists the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. *See* 47 C.F.R. § 64.1200(f)(8).

## Factual Allegations

15. To market its energy products and services, New York Life uses automatic telephone dialing systems ("ATDS") and prerecorded voice messages to contact potential new customers. These individuals have not consented to being contacted either through the use of ATDS or pre-recorded messages, such as the Plaintiff.

## Factual Allegations Regarding Plaintiff Abante.

16. Plaintiff Abante owns a cellular telephone and cellular service with the number (510) 540-XXXX.

17. On March 6, 2016, a pre-recorded telemarketing call was placed to this number.

3

18. When the Plaintiff picked up the telephone call there was a distinctive pause consistent with an ATDS.

19. Following that distinctive pause, there was silence on the other end of the telephone, also consistent with use of an ATDS.

20. Following the brief silence, a pre-recorded message advertising insurance services began to play.

21. The use of a pre-recorded message is also consistent with use of an ATDS, as having an individual hand-dial each telemarketing target, only to play a pre-recorded message, would be illogically inefficient. Instead, the telemarketing campaign used a pre-recorded message so that each individual who responded to the message would then be connected with a live human operator and employee of New York Life.

22. In fact, that is exactly what happened to the Plaintiff.

23. When the Plaintiff's pre-recorded telemarketing call from the Defendant connected with a live individual for the first time, it was Bardia Hariri.

24. Bardia Hariri is an employee of the Defendant.

25. Bardia Hariri has a California Insurance License of #0K72662.

26. Bardia Hariri gave a scripted sales pitch promoting New York Life's services after the pre-recorded call was finished.

27. The sales pitch from Bardia Hariri included a request that the parties meet to discuss life insurance and estate planning.

28. Plaintiff did not provide prior express written consent to Defendant or any of their agents to receive prerecorded and/or ATDS-generated telephone calls on its cellular telephone line.

29. In fact, prior to initiating this lawsuit, the Plaintiff contacted New York Life to inquire about any consent or other position it had to demonstrate that the pre-recorded telemarketing call was lawful.

30. New York Life did not respond to that letter.

### Class Action Allegations

31. <u>Class Definition</u>. Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of a Class defined as follows:

> All persons in the United States to whom: (a) New York Life or a third party acting on New York Life's behalf, made one or more non-emergency telephone calls; (b) promoting New York Life's goods or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

32. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

33. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

      a.      Whether New York Life violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

      b.      Whether New York Life knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

      c.      Whether New York Life and/or its affiliates, agents, and/or other persons or entities acting on New York Life's behalf should be enjoined from violating the TCPA in the future.

34. *Typicality*.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

35. *Adequacy*.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

36. *Predominance*.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of

these common issues in a single action has important and desirable advantages of judicial economy.

37.     <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

38.     <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**Legal Claims**
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

39.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to Plaintiff's cellular telephone number and members of the Class using an ATDS and/or artificial or prerecorded voice.

41. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to an award of (a) $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B), or (b) $1,500 for each knowing or willful violation.

42. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## Relief Sought

43. WHEREFORE, Plaintiff, on its own behalf and on behalf of the members of the Classes, request judgment against Defendant as follows:

   A. That the Court certify the proposed Class;

   B. That the Court appoint Plaintiff Abante as Class representative;

   E. That the Court appoint the undersigned counsel as counsel for the Class;

   F. That the Court enter a judgment permanently enjoining the Defendant from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

G. That, should the Court permit Defendant to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendant comply with those measures;

H. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

I. That the Court enter a judgment finding that Defendant are liable to Plaintiff and all class members for all violations arising from the calls;

J. That the Court enter a judgment finding that Defendant is jointly and severally liable to Plaintiff and all class members for all violations arising from the calls;

K. That Defendant and its agents, or anyone acting on their behalves, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

L. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

M. That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

N. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

        Plaintiff,
        By Counsel

By:   /s/ Kim E. Richman
      Kim E. Richman
      THE RICHMAN LAW GROUP
      81 Prospect Street
      Brooklyn, New York 11201
      Telephone: (212) 687-8291
      krichman@richmanlawgroup.com

      Edward A. Broderick
      Anthony Paronich
      Broderick & Paronich, P.C.
      99 High St., Suite 304
      Boston, MA 02110
      (508) 221-1510
      anthony@broderick-law.com
      ted@broderick-law.com
      *Subject to Pro Hac Vice*

      Matthew P. McCue
      The Law Office of Matthew P. McCue
      1 South Avenue, Suite 3
      Natick, MA 01760
      (508) 655-1415
      mmccue@massattorneys.net
      *Subject to Pro Hac Vice*