**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY<br><br>Defendant. | No. 1:16-cv-03588 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SERVICE AWARD, ATTORNEYS' FEES AND COSTS**

On September 20, 2017, all parties appeared before the Court for a hearing on Plaintiff's Motion for Final Approval of the proposed Settlement. On inquiry from the Court, Class Counsel offered to submit additional information as to their time and expenses to assist the Court in its consideration of Class Counsel's fee request. Accordingly, Class Counsel are contemporaneously submitting supplemental declarations detailing their time and expenses incurred on this file. The *Supplemental Declaration of Matthew McCue in Further Support of Plaintiff's Motion for Service Award, Attorneys' Fees and Costs* is submitted at Dkt. No. 48 ("McCue Supplemental Declaration"); *Supplemental Declaration of Edward Broderick in Support of Plaintiff's Motion for Service Award, Attorneys' Fees and Costs* is submitted at Dkt. No. 49 ("Broderick Supplemental Declaration"); *Supplemental Declaration of Anthony Paronich in Support of Plaintiff's Motion for Service Award, Attorneys' Fees and Costs* is submitted at Dkt. No. 50 ("Paronich Supplemental Declaration"); *Supplemental Declaration of Kim Richman in Support of Plaintiff's Motion for Service Award, Attorneys' Fees and Costs* is submitted at Dkt. No. 51 ("Richman Supplemental Declaration"). In addition, Class Counsel previously

submitted their respective detailed billing records itemizing their time spent on this matter, as well as their expenses, as Exhibits 1-3 to Plaintiff's Letter Motion to File Redacted Time Records and Submit Unredacted Records Under Seal (Dkt. No. 43).[1]

## ARGUMENT

### I. THE FEES AND EXPENSES REQUESTED BY CLASS COUNSEL ARE REASONABLE IN LIGHT OF RESULT, RISK AND WORK PERFORMED AND SHOULD BE APPROVED

As noted at the recent hearing, the "trend" in the Second Circuit is to award attorneys' fees in class action settlements using the 'percentage' method. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).[3] This Court recently recognized that "under the 'percentage of the fund' method, attorneys' fee awards of one third or less of the total settlement amount are generally accepted in this District, if no other factors suggest that such a fee is unreasonable." *See Weng v. T&W Rest., Inc.*, 2016 U.S. Dist. LEXIS 83217, at * 7-8 (S.D.N.Y. June 22, 2016) (Moses, J.). The Court also has discretion to conduct a lodestar cross-check when assessing the reasonableness of a percentage fee award. *Id.* at * 8. *See Goldberger v. Integrated Res., Inc*., 209 F.3d 43, 50 (2d Cir. 2000); *see also Melito v. American Eagle Outfitters, Inc.*, 2017 U.S. Dist. Lexis 146343, at *45-46 (S.D.N.Y., Sept. 11, 2017) (Caproni, J.) (applying a percentage-of-fund analysis to attorneys' fees in a TCPA case but applying the *Goldberger*

---

[1] Class Counsel sought leave to submit their billing records under seal as they reveal both attorney-client privilege communications and attorney work product.

[3] In Plaintiff's initial *Motion in Support of Service Award, Attorneys' Fees and Costs* (Dkt. No. 34), Plaintiff submitted support for the contention that attorneys' fees in this case should be awarded on a percentage basis. Class Counsel will not repeat arguments previously submitted, but will supplement with support relating to the Court's broad discretion to "check" on the "percentage fund" method of calculating fees via a lodestar analysis.

factors to assess the reasonableness of the fee).[5]

In performing a lodestar cross-check, courts multiply hours reasonably expended against hourly rates prevailing in the community. *Id.* at 47; *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.1997) ("[t]he lodestar figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation") (internal quotations omitted). Additionally, "[u]nder the lodestar method of fee computation, a multiplier is typically applied to the lodestar." *In re Global Crossing Sec. & ERISA Litig*., 225 F.R.D. 436, 468 (S.D.N.Y. 2004). "The multiplier represents the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors." *Id*. (citing *Goldberger*, 209 F.3d at 47).

Here, the rates charged by Class Counsel fall within the range of prevailing rates in this District. *See, e.g., In re Hi-Crush Partners L.P. Sec. Litig*., No. 12-CIV-8557 CM, 2014 WL 7323417, at *14 (S.D.N.Y. Dec. 19, 2014) (approving billing rates ranging from $425 to $825 per hour for attorneys); *Themis Capital v. Democratic Republic of Congo*, 2014 U.S. LEXIS 124208, at * 21-22 (S.D.N.Y. Sept. 4, 2014) (approving average hourly rate for partners of $871.04 and $505.55 for associates, and noting that "partner billing rates in excess of $1,000 an hour, are by now not uncommon in the context of complex commercial litigation.").

Class Counsel's billing rates have been approved by other district courts throughout the country in similar TCPA class actions. *See, e.g., Mey v. Frontier Communications Corporation*,

---

[5] One of the most important factors recognized by the Second Circuit in *Goldberger* is risk. As consumer side contingent fee based attorneys, Class Counsel take significant risk in litigating TCPA class actions, as there is never a guaranty that a case will ultimately succeed. Plaintiff's counsel willingly take on these types of cases and expend significant resources in attorney time and litigation expenses to prosecute these types of cases. As detailed in the McCue Supplemental Declaration at ¶7-11, often cases do not succeed for a variety of reasons and, plaintiff's counsel are not paid anything for their time or reimbursed for their expenses.

No. 3:13-cv-1191-MPS (D. Conn. June 9, 2017) (approving an $11,000,000 settlement and attorney fee of one-third that amount based on hourly rate of $700 for Messrs. McCue and Broderick and $450 for Mr. Paronich); *Heidarpour v. Central Payment Co.*, No. 16-cv-01215 (M.D. Ga. May 4, 2017) (same); *Mey v. Interstate National Dealer Services, Inc*., No. 14-01846 (N.D. Ga June 8, 2016) (same); *Jay Clogg Realty Group, Inc. v. Burger King Corporation*, No. 13-cv-00662 (D. Md. April 15, 2015) (approving hourly rate of $700 for Messrs. McCue and Broderick and $425 for Mr. Paronich, who was an associate at the time); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, No. 11-02467 (D. Md. Feb. 12, 2015) (same). *See McCue Supplemental Declaration, ¶ 30; Broderick Supplemental Declaration* ¶ 18; *Paronich Supplemental Declaration,* ¶ 31; *Richman Supplemental Declaration,* ¶ 19.

Class Counsel requests an attorneys' fee award of $1,116,666, which is one-third of the Settlement Fund of $3,350,000. Class Counsel have submitted detailed declarations and documentation as to the amount of time spent on this litigation. Mr. Paronich, to date, has spent 264.30 hours working on this case and estimates spending another twenty-five hours on the case through final approval and payments to consumers, for an estimated total of 289.30 hours of attorney time. *See* Paronich Supplemental Declaration, ¶ 30. Calculated at a rate of $450.00 an hour, the total billable value of Mr. Paronich's time comes to $130,185.00. Mr. McCue, to date, has spent 111.50 hours working on this case and estimates spending another 25 hours on the case through the continued final approval hearing and payments to consumers, for total attorney time of 142.75 hours of attorney time. *See* McCue Supplemental Declaration, ¶ 31. Calculated at a rate of $700.00 an hour, the total billable value of Mr. McCue's time comes to $99,925.00. Mr. Broderick, to date, has spent 51.7 hours working on this case and estimates spending another 5 hours on the case through the continued final approval hearing and distribution to class members,

for total attorney time of 56.7 hours of attorney time. *See* Broderick Supplemental Declaration, ¶ 19. Calculated at a rate of $700.00 an hour, the total billable value of Mr. Broderick's time comes to $36,190.00. Finally, the Richman Law Group, has to date, spent 46.55 hours of time on this case, including 24.8 hours of time on this case spent by Mr. Richman, and estimates spending another 10 hours on the case through the continued final approval hearing and payments to consumers. *See* Richman Supplemental Declaration at ¶ 20. Calculated at a rate of $700 per hour, the total billable value of Mr. Richman's time is $24,360.00. Calculated at a modest $250 per hour, the time of Mr. Richman's associates are $5,437.50.

The total attorney time for this litigation, estimated through the time of final approval, is 545.3 hours, and the billable value of that attorney time is $296,097.50. The amount of attorneys' fees sought by Class Counsel is $1,116,666. The fees sought ($1,116,666) divided by the value of the time spent on this litigation ($296,097.50) yields a multiplier of 3.77. Such a multiplier is well within the range awarded by courts in this Circuit, particularly in light of the fact that counsel litigated this case despite the risk that they never would have been paid for their time or reimbursed for their expenses. *See, e.g., Sewell v. Bovis Lend Lease, Inc.*, No. 09 CIV. 6548 RLE, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("Courts commonly award lodestar multipliers between two and six."); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 520 (JLC), 2012 WL 651640, at *4 (S.D.N.Y. Feb. 24, 2012) (granting 6.8 multiplier); *Hadel v. Gaucho, LLC*, 193 F. Supp. 3d 243 (S.D.N.Y. 2016) (granting multiplier of 5); *Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531, 2014 WL 4816134, at *10 (S.D.N.Y. Sept. 23, 2014) (multiplier of 5.1 "falls within the range granted by courts"); *Puglisi v. TD Bank, N.A.*, No. 13 CIV. 637 GRB, 2015 WL 4608655, at *1 (E.D.N.Y. July 30, 2015) (awarding a multiplier of 4.86); *In re Lloyd's Am. Trust Fund Litig.*, 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002) (A

"multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit.").

Counsel for both parties have litigated this case efficiently and effectively. As a result, the parties have achieved an excellent result for the members of the class. Attorneys should be encouraged to work together, to identify exposure at the outset of the case, and to work collaboratively towards a fair resolution. That is exactly what happened in this case. Class counsel should not be penalized for efficient work. As explicitly recognized by this Court:

> [a] 'percentage of fund' contingency fee agreement can encourage early settlement of a case which may, in turn, result in a higher award for counsel than they would achieve under a lodestar analysis. This is not inherently unfair, however, so long as the fee otherwise falls within an acceptable range.

*Weng v. T&W Rest., Inc.*, 2016 U.S. Dist. LEXIS 83217 * 9-10 (S.D.N.Y. June 22, 2016) (Moses, J.) (citations omitted).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court approve its motion for payment of attorneys' fees in the amount of $1,116,666; a service award in the amount of $10,000, and award counsel their reasonable expenses.

Dated: October 2, 2017

Respectfully submitted,

By: /s/ *Matthew P. McCue*

Matthew P. McCue
Email: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

Anthony Paronich
Email: anthony@broderick-law.com
Edward A. Broderick
Email: ted@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (508) 221-1510

Kim E. Richman
Email: krichman@richmanlawgroup.com
RICHMAN LAW GROUP
81 Prospect Street
Brooklyn, New York 11201
Telephone: (212) 687-8291
Facsimile: (212) 687-8292

*Attorneys for Plaintiff and the Settlement Class*

**CERTIFICATE OF SERVICE**

I, Matthew P. McCue, hereby certify that on October 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *Matthew P. McCue*
Matthew P. McCue