UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABANTE ROOTER AND PLUMBING,
INC., individually and on behalf of all others
similarly situated,

     Plaintiff,

v.

NEW YORK LIFE INSURANCE
COMPANY

     Defendant.

NO. 1:16-cv-03588-BCM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/18

### FINAL APPROVAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiff's motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Abante Rooter and Plumbing, Inc. ("Plaintiff"), individually and on behalf of the class of persons he seeks to represent (the "Settlement Class" defined below), and New York Life Insurance Company ("New York Life") (Plaintiff and New York Life are collectively referred to as the "Parties") pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement"), and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

  1. Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

  2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

  3. The Court preliminarily approved the Settlement Agreement and entered the

Preliminary Approval Order dated May 30, 2017, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and New York Life, and supporting declarations. The Court has also read and considered any written objections filed by Settlement Class Members. The Court held an initial hearing on September 20, 2017, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. No objectors appeared at the September hearing.

5. At the hearing on September 20, 2017, the Court brought to the parties' attention an error in the distribution of the notice. Specifically, the Court noted that its prior Order required the Claims Administrator to send notice to class members via both a post-card claim form, and via a Long Form notice. The Class Administrator, however, mistakenly sent class members only the post card claim form which directed class members to the settlement web-site to learn more about the proposed settlement. The Long Form notice was available for consumers on the web-site but was not mailed to class members as directed by the Court.

6. Following the September 20, 2017, hearing Class Counsel submitted a plan to remediate the notice error the, costs of which the Class Administrator agreed to bear so class members' recovery would not be impacted by the notice error.

7. Thereafter, a supplemental notice was sent to Class Members, this time including both the post-card claim form and the Long Form Notice. Class Members then had an additional period of sixty days to file a claim, to opt out, or to object. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, was effected on February 28, 2017, and that ninety days has passed without comment or objection from any governmental entity.

8. The Court held a continued hearing on February 23, 2018, at which time the parties were afforded another opportunity to be heard in in support of or in opposition to the Settlement Agreement. No objectors appeared at the February 23 hearing.

9. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

10. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> All persons or entities within the United States in the Class List, to whom telemarketing calls promoting New York Life Insurance goods or services were made by or on behalf of New York Life Insurance using an automatic telephone dialing system since May 13, 2012 through the date of signature of the settlement agreement.

11. Under Federal Rule of Civil Procedure 23, Abante Rooter and Plumbing, Inc. is hereby appointed as Class Representative and the following are hereby appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760

Kim E. Richman
THE RICHMAN LAW GROUP
195 Plymouth Street
Brooklyn, New York 11201

12. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (i) it is desirable to concentrate the claims in this forum; and (j) it is unlikely that there will be difficulties encountered in administering this Settlement.

13. The Court has determined that the supplemental notice given to the Settlement Class, in accordance with the corrected Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

14. The Court finds that the Class Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

15. All persons who made timely and valid requests for exclusion, identified in Exhibit C to the Second Supplemental Declaration of Stephen Powell (ECF 58) are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

16. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17. The Court dismisses this action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

18. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

19. The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the

Releasing Parties, and each of them.

20. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 17 above.

21. The Court approves the reimbursement of expenses incurred by class counsel in the amount of $34,498.00. The Court approves the payment of attorneys' fees in the amount of $994,650.60 (30% of the net settlement fund after deduction of expenses). These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

22. The Court approves the incentive fee payment of $10,000 for Abante Rooter and Plumbing, Inc. and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23. Neither this Final Approval Order and Judgment nor the Settlement Agreement

shall be construed or used as an admission or concession by or against either New York Life or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by New York Life or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or New York Life.

24. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

25. Because the settlement payments will exceed the threshold for amounts which must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and KCC as Class Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including but not limited to limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

26. The Settlement Agreement at Section 2.3(c) provides that to the extent that checks to Settlement Class Members expire and become null and void, the Settlement Administrator is to make a second distribution to Class Members who did cash their checks from the previous round on a pro rata basis, providing that doing so would result in a supplemental payment to each

Class Member of at least $10.00. If insufficient funds remain in the Settlement Fund to pay each Class Member an additional $10.00, the parties have agreed that the funds should be distributed as a *cy pres* award. The parties have proposed different *cy pres* recipients. Class Counsel has proposed the National Consumer Law Center. NY Life has proposed the Lawyers' Committee for Civil Rights. The Court approves the Lawyers' Committee for Civil Rights as the recipient of *cy pres* funds in this case.

DATED: 2/27/18

Barbara Moses
United States Magistrate Judge